Giuttari & Mertz Law Office P.C.
45 West 34th Street, Suite 601
New York, NY 10001
Tel: (212) 714-0262
Fax: (212) 244-8184
*Attorneys for Defendant Doe 2*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Third Degree Films Inc.<br>20525 Nordhoff Street, Suite 25<br>Chatsworth, CA 91311<br><br>        Plaintiff,<br><br>   v.<br><br>DOES 1 - 217<br><br>        Defendants. | Civil Action No. 11-CV-07564-JGK<br><br>MOTION TO QUASH SUBPOENA SERVED UPON CUSTODIAN OF RECORDS, VERIZON WIRELESS SERVICE |

**MOTION TO QUASH SUBPOENA SERVED UPON CUSTODIAN OF RECORDS, VERIZON WIRELESS SERVICES**

COMES NOW DOE No. 2 and states the following:

1.      Pursuant to Fed. R. Civ. P. 45 (c)(3)(A), DOE 2 files this Motion to Quash Subpoena served upon Custodian of Records, Verizon Online, because the subpoena requires the disclosure of privileged and protected matter as it affects DOE No. 2, when he in fact is an improper party to Plaintiff's action, in light of the fact that it DOE No. 2 does not know how to use a computer, and therefore, has been a victim of mistaken identity.

2.      Plaintiff filed suit in the Southern District of New York (11-CV-07564-JGK) against 217 unnamed DOE defendants, who are identified in its Complaint only by Internet Protocol (IP) addresses.  Plaintiff alleges that these DOE defendants have obtained an adult video in violation of Plaintiff's copyrights.

3.      DOE No. 2 is a resident of the City of New York, New York.  Verizon Online is

an internet service provider (ISP) that provides internet service to its customers, including DOE No. 2. Plaintiff, Third Degree Films, on information and belief, is a producer of adult entertainment films and content. Plaintiff served a subpoena on Custodian of Records, Verizon Online, to compel the disclosure of the name, address and other information of DOE No. 2, so DOE No. 2 can be named as a defendant in Plaintiff's copyright infringement action.

4. DOE No. 2 has standing to move to quash the subpoena because it seeks disclosure of his personal identification information considered to be confidential and over which DOE No. 2 has personal and proprietary interests.

5. Plaintiff filed a motion for "early discovery" (prior to a Rule 26(f) conference), November 1, 2011, which was granted November 16, 2011.

6. DOE No. 2 was born in 1939, 73-year-old, and has never learned to use a computer. He is extremely limited in his command of the English language.

7. DOE No. 2 resides in a building comprised of six condominiums in close proximity to each other. He received internet access as one part of a media package from Verizon that also included phone and cable services. He does not know how to use a computer and therefore has not accessed the internet through one. He also did not "protect" his internet service from usage outside of his own home by using a password or code. Any resident within service range of the building had open access to his internet service and ample opportunity to use his IP address, without detection. The likelihood that an individual other than DOE No. 2 infringed Plaintiff's copyrights is too great to support any correlation between DOE No. 2 and the alleged violation that Plaintiff seeks to prove, especially in light of DOE No. 2's inability to use a computer.

8.      FOR THESE REASONS, DOE No. 2 requests that this Court quash the subpoena served on Verizon Online in this matter.

Dated: New York, New York

　　　　January 6, 2012

                                      Respectfully submitted,

                                      Giuttari & Mertz Law Office P.C.
                                      45 West 34th Street, Suite 601
                                      New York, NY 10001
                                      Tel: (212)714-0262
                                      Fax: (212)244-8184
                                      Attorneys for Defendant Doe 2

                                      By:_____/s/_____

                                        Jeffery Neiman, Esq.