```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X
IN RE ADULT FILM COPYRIGHT          :    Master Case No. 11 Civ. 7564
INFRINGEMENT LITIGATION             :
                                    :    MEMORANDUM OPINION & ORDER
This Document Relates to:           :
                                    :
     11 Civ. 7564 (KBF)             :
     11 Civ. 7999 (KBF)             :
     11 Civ. 9618 (KBF)             :
     11 Civ. 9689 (KBF)             :
----------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 2 6 2012

KATHERINE B. FORREST, District Judge:

Finding that the above-captioned actions involve common questions of law and fact, on March 15, 2012, this Court consolidated these actions with others for the sake of judicial economy. Plaintiffs--all owners of copyrights and/or owners of the exclusive rights under copyrights in various adult-entertainment films--bring claims for copyright infringement pursuant to the United States Copyright Act, 17 U.S.C. §§ 101 et seq., alleging that unnamed defendants ("Doe defendants") copied and distributed their copyrighted films through file-sharing software. This Court and other courts in this District have granted plaintiffs' requests for leave to serve subpoenas upon multiple internet service providers in order to ascertain the identities of the Doe defendants based upon their IP addresses. These subpoenas have been modified by this Court's March 13, 2012 Order (Master Docket No. 29) (the "March 13th Order") and

now all parties and the ISPs in each member case of the consolidated action are on the same schedule and subject to the same guidelines with regard to discovery.

Prior to consolidation, various Doe defendants had brought motions to quash the subpoenas, proceed anonymously and dismiss, or in the alternative sever, based on improper joinder. For the reasons stated below, this Court DENIES the motions to quash, GRANTS the motion to proceed anonymously and DENIES without prejudice the motions to dismiss/sever based on improper joinder.

DISCUSSION

### I. Motions to Quash

Doe No. 208 in Member Case No. 11 Civ. 7564 (Dkt No. 22), Doe Nos. 13 and 21 in Member Case No. 11 Civ. 9618 (Dkt Nos. 6 and 13) and an unidentified Doe in Member Case No. 11 Civ. 9689 (Dkt No. 6) have brought motions to quash the subpoenas issued in their member cases. For the reasons stated in this Court's Memorandum Opinion and Order in Member Case Next Phase Distribution, Inc. v. Does 1-138, No. 11 Civ. 9706, dated March 1, 2012 (Dkt No. 9) (the "March 1st Opinion"), the various Motions to Quash are DENIED. The procedures set forth in the March 13th Order govern the process by which plaintiffs shall ascertain the identities of the Doe defendants.

2

## II. Motion to Proceed Anonymously

Doe No. 208 in Member Case No. 11 Civ. 7564 has also brought a motion to proceed anonymously. (Dkt No. 22.) For the reasons stated in the March 1st Opinion and the March 13th Order, the motion is GRANTED. Doe No. 208 in Case No. 11 Civ. 7564 may proceed anonymously until further order of this Court.

## III. Motions to Dismiss/Sever

Doe No. 208 in Member Case No. 11 Civ. 7564, Doe Nos. 13 and 21 in Member Case No. 11 Civ. 9618 (Dkt Nos. 6 and 13) and an unidentified Doe in Member Case No. 11 Civ. 9689 (Dkt No. 6) have moved to dismiss or sever on the basis that joinder of the Doe defendants is improper. These motions are premature.

Federal Rule of Civil Procedure 20(a)(2) allows permissive joinder of defendants if:

> (A) any right to relief is asserted against them jointly severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

As an initial matter, dismissal of this action is not the appropriate remedy for misjoinder under Federal Rule of Civil Procedure 20; instead, the appropriate remedy is severance. Fed. R. Civ. P. 20; Fed. R. Civ. P. 21. See also Arista Records LLC

3

v. Does 1-16, No. 08 Civ. 765, 2009 WL 414060, at *8 (N.D.N.Y. Feb. 18, 2009).

At this stage in the litigation, joinder of the defendants is proper. Here, plaintiffs have alleged that all defendants have traded the exact same file of a copyrighted work (i.e., not merely the same film) in a "Peer-to-Peer" network that utilizes a "swarm" system acting as a "collective distribution network." (See e.g., Member Case No. 11 Civ. 7564 Compl. ¶ 9; Liberty Media Holdings, LLC v. Swarm Sharing Hash File, --- F. Supp. 2d ----, 2011 WL 5161453, at *1 (D. Mass. Oct. 31, 2011) (explaining the relation between "swarm" technology and joinder in a similar case)). That is sufficient to assert a common transaction or occurrence. Furthermore, because the allegations of each Doe defendant are identical, there are common questions of law. See Liberty Media Holdings, 2011 WL 5161453, at *6; West Coast Productions, Inc. v. John Does 1-5829, 275 F.R.D. 9, 16 (D.D.C. 2011) ("The second prong of the test, common questions of law or fact, is easily met because the claims asserted against each John Doe Defendant are identical.").

Circumstances requiring severance have not yet been brought to this Court's attention--but when, or if, they do, the Court may revisit the joinder issue. See Arista Records, 2009 WL 414060, at *8 ("As the facts and circumstances become ripe and suggest or warrant severance, all can avail themselves of such a

4

request then.")  Nonetheless, as a court in the Northern District of Illinois found in a similar case, "[a]t this stage, joinder of the defendants promotes judicial economy while protecting the interests of the parties for a just, speedy, and inexpensive outcome."  First Time Videos, LLC v. Does 1-500, 276 F.R.D. 241, 253 (N.D. Ill. 2011).  The motions to dismiss/sever based on improper joinder are therefore DENIED without prejudice.

CONCLUSION

For the reasons set forth above, the motions to quash are DENIED, the motion to proceed anonymously is GRANTED and the motions to dismiss/sever based on misjoinder are DENIED without prejudice.  The Clerk of the Court is directed to terminate the motions at Docket No. 22 in Member Case No. 11 Civ. 7564, Docket Nos. 6 and 13 in Member Case No. 11 Civ. 9618 and Docket No. 6 in Member Case No. 11 Civ. 9689.  The Clerk of the Court is also directed to terminate Doe No. 2's motion at Docket No. 10 in Member Case No. 11 Civ. 7999, pursuant to Doe No. 2's request to withdraw this motion (Dkt No. 17).

SO ORDERED.

Dated:    New York, New York
          March 26, 2012

_____
KATHERINE B. FORREST
United States District Judge