UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ADULT FILM COPYRIGHT INFRINGEMENT LITIGATION )<br>)<br>This Document Relates to )<br>)<br>v. )<br>)<br>11 Civ. 7564 (KBF) )<br>11 Civ. 7999 (KBF) )<br>11 Civ. 8172 (KBF) )<br>11 Civ. 9550 (KBF) )<br>11 Civ. 9618 (KBF) )<br>11 Civ. 9688 (KBF) )<br>11 Civ. 9689 (KBF) )<br>11 Civ. 9703 (KBF) )<br>11 Civ. 9705 (KBF) )<br>11 Civ. 9706 (KBF) )<br>11 Civ. 0129 (KBF) )<br>11 Civ. 1077 (KBF) )<br>11 Civ. 1169 (KBF) )<br>) | Master Case No. 11 Civ. 7564<br>[11 Civ. 9705] |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF JOHN DOE NUMBER 109's MOTION TO QUASH** [Document 37]

On or about March 30, 2012, John Doe 109 [IP 98.116.206.64] filed a Motion to Quash, claiming that he received a letter from Verizon notifying him about the subpoena submitted to Verizon. He claims that he then checked his IP address and found that it was different.

John Doe 109 is identified as "John Doe 109" in the case *Patrick Collins v. Does 1-115*, 1:11-cv-09705. John Doe 109's contentions have no merit:

(1) It was Verizon, not Plaintiff, who identified this John Doe as one of its customers and sent him the notice of the Subpoena.

(2) John Doe 109 has a *dynamic* IP address that changes from time to time. Therefore, it is no wonder that his IP address was different when he checked it at a later time. Plaintiff

1

confirmed the IP ownership and the fact that that John Doe 109 has a dynamic IP address with Verizon. *See Exhibit 1, Email communication with Verizon Compliance Office*.

(3) An IP locator service confirms that John Doe 109 has a dynamic IP address. *See Exhibit 2, IP locator search, showing that IP address is dynamic. Plaintiff acknowledges that IP location searches after the fact tend to be unreliable, especially with dynamic IP addresses. However, this Exhibit is used only to show that the IP address is a dynamic one*.

### *Doe Number 109 Lacks Standing to Challenge the Subpoena*

A party to a lawsuit lacks standing to object to a subpoena served on a non-party, unless the party objects to the subpoena on the grounds of privilege, proprietary interest or privacy interest in the subpoenaed matter. *See Fed.R.Civ.P. 45*(c)(3)(B). See also *Robertson v. Cartinhour*; 2010 U.S. District LEXIS 16058 (D. Md. 2010) (Day, MJ) (*unreported*).

Internet subscribers do not have a proprietary interest or an expectation of privacy in their subscriber information because they have already conveyed such information to their Internet Service Providers (ISPs). *See Guest v. Leis,* 255 F. 3d 325 (6th Cir. 2001); *United States v. Simons,* 206 F.3d 392 (4th Cir., 2000).

The only information sought through the Subpoena at issue is the Doe defendants' contact information. This information has already been shared by the Doe Defendants with their respective ISPs.

Further, the Doe defendants exposed their IP addresses to the public by sharing the Motion Picture at issue. The torrent software exposes the IP address of the infringer, as explained in the Complaint and the *Declaration of Jon Nicolini*. Therefore, Doe Number 109 lacks standing.

*There is no privacy interest in the contact information sought by the subpoena.*

As is relevant here, Rule 45(c)(3)(iii) provides that a court may quash a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed.R.Civ.P. 45(c)(3)(iii). Pursuant to Rule 45(d)(2), when subpoenaed information is withheld based on a claim of privilege, the claim of privilege must "describe the nature of the withheld [information] in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." *Fed.R.Civ.P. 45(d)(2).*

Courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their ISPs. *See, e.g., Guest v. Leis*, 255 F.3d 325, 335-36 (6th Cir.2001) ("Individuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties."); *U.S. v. Hambrick*, Civ. No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000) (a person does not have a privacy interest in the account information given to the ISP in order to establish an email account); *U.S. v. Kennedy*, 81 F.Supp.2d 1103, 1110 (D.Kan.2000) (defendant's Fourth Amendment rights were not violated when an ISP turned over his subscriber information, as there is no expectation of privacy in information provided to third parties).

### Conclusion

Based on the above-stated reasons, Plaintiff respectfully requests this Court to deny the Motion to Quash the Subpoena submitted by Doe Number 109. A proposed order will be submitted separately.

Respectfully submitted this 6th day of April, 2012.

By:   /s/ Mike Meier

Mike Meier (NY ID MM9295)
The Copyright Law Group, PLLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Phone: (888) 407-6770
Fax: (703) 546-4990
Email:
mike.meier.esq@copyrightdefenselawyer.com

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on 6 April 2012, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system.

I do not have any contact information for Doe Number 109, and request the Clerk to submit a copy of this filing to Doe Number 109.

                        By:    /s/ Mike Meier
                              Mike Meier (NY ID MM9295)
                              The Copyright Law Group, PLLC
                              4000 Legato Road, Suite 1100
                              Fairfax, VA 22033
                              Phone: (888) 407-6770
                              Fax: (703) 546-4990
                              Email:
                              mike.meier.esq@copyrightdefenselawyer.com

                              ATTORNEY FOR PLAINTIFF